Plaintiffs’ motion for summary judgment arises out of a suit for refund of $12,990.47 in federal income taxes, penalties and interest, plus statutory interest. This sum represents a deficiency assessed by the Internal Revenue Service (IRS), based on adjustments made to plaintiffs’ income for the calendar year 1970. For the following reasons we deny plaintiffs’ motion.
The Commissioner of Internal Revenue (Commissioner) assessed part of the above-mentioned deficiency on the ground that the losses attributable to plaintiffs’ partnership share in B & L Enterprises, Ltd. (B & L), a limited partnership owning the Bellevue and the Lynnview Apartments, could not be claimed for 1970, since B & L did not acquire the Bellevue and Lynnview apartments until January 1, 1971. The deficiency was also based on unexplained deposits to Paul Hansen’s bank account and disallowed automobile travel expenses. In addition, a fraud penalty was assesssed and included in the instant deficiency.
Deficiencies were also determined against the plaintiff, Paul M. Hansen, based on different transactions in years subsequent to 1970. Paul Hansen filed a petition in the United States Tax Court for a redetermination of these deficiencies which resulted in a judgment for the plaintiff in the case of Hansen v. Commissioner, T.C. Memo. 1981-98 (1981). The tax years in question in that case were 1968, 1971, and 1972. The year 1968 was in the case only because of a claimed carryback of loss from 1971 to that year.
For the tax year that is the subject of this action, 1970, the plaintiffs paid the deficiency and filed a suit for a refund in the United States District Court in Utah. By order, dated June 13, 1979, United States District Judge, Bruce S. Jenkins, transferred the case to this court on the *907 ground that there was a lack of venue. Jurisdiction in this court is based on 28 U.S.C. § 1491 (1976).
The defendant contends that Marie B. Hansen, as the wife of Paul Hansen, is only a party to this suit because a joint return was filed. This order intimates no view on the issue of Marie Hansen’s standing to bring this action; a matter which appears to have been of some concern to the parties at the district court level.
The plaintiffs argue that the IRS had a copy of Paul Hansen’s travel diary for 1970,1971, and 1972; was unable, in the Tax Court proceeding, to sustain its burden of proof regarding the disallowed travel expenses for 1971 and 1972, and, therefore, cannot possibly meet its burden with respect to the 1970 disallowed travel expenses. This argument is a non sequitur. The tax years that were the subject of the Tax Court’s proceeding, were 1968, 1971, and 1972; not 1970.
Confirming the rule that taxation is based upon annual accounting periods, the Supreme Court has held that each tax year gives rise to a different cause of action. Commissioner v. Sunnen, 333 U.S. 591, 597-99 (1948). On this basis, it is clear that no res judicata effect can be given the Tax Court decision or the findings arising out of that proceeding in the instant case, for the simple reason that the 1970 tax year was not before the Tax Court. Likewise, no collateral estoppel effect can be given the Tax Court’s findings and rulings on travel expenses for 1971 in the instant case. The Supreme Court in Sunnen has pointed out that the doctrine of collateral estoppel "must be confined to situations where the matter raised in the second suit is identical in all respects with that decided in the first proceedig * * * 333 U.S. at 599-600. The Court went on to state that "if the relevant facts in the two cases are separable, even though they be similar or identical, collateral estoppel does not govern the legal issues which recur in the second case.” Id. at 601 (footnote omitted).
In the instant case it is almost certain that different facts will be needed to prove or disprove the validity of the travel expenses for 1970 than for 1971 or any other year. Collateral estoppel on this issue is therefore unavailable to the plaintiffs.
*908 The plaintiffs’ arguments in support of the instant motion regarding the unexplained deposits to Paul Hansen’s bank account for tax year 1970, are essentially the same arguments advanced in support of plaintiffs’ position regarding the travel expense deductions. The court’s response is correspondingly the same. The 1970 tax year was not before the Tax Court and that court did not make any determination regarding the unexplained deposits for 1970. Although it is true, as plaintiffs point out, that the IRS dropped its claims regarding the unexplained deposits for 1971 and 1972 in the Tax Court proceeding, no one says that the defendant herein has likewise dropped the issue regarding the unexplained deposits for 1970. It therefore remains in the case and plaintiffs are unable to prevail in their motion for summary judgment on this issue.
Defendant asserts that triable issues of material fact exist as to whether plaintiffs are entitled to their share of the B & L partnership depreciation losses on the Bellevue and Lynnview apartments, claimed for the period of October 1, 1970, through December 31, 1970. Defendant also states that there is substantial evidence to support its contentions that B & L did not acquire the Bellevue and Lynnview apartments on October 1, 1970, and that plaintiffs tax reporting based on that date was fraudulent. Defendant submits affidavits of the owners of the Bellevue and Lynnview apartments in support of their position.
Plaintiffs respond that the acquisition dates of the apartments in question were fully considered and clearly established in the Tax Court proceeding. Although not stated as such, it appears that the plaintiffs seek to have this court give collateral estoppel effect to its contentions if indeed the Tax Court actually and necessarily decided the issues of the date of acquisition of the apartments and the issue of fraud.
It is not at all clear, from its opinion, that the Tax Court held the dates of acquisition of the apartments to be any specific date in 1970. Moreover, it does "not appear that such a holding was necessary to support the court’s decision in that case. The court found that the Commissioner was unable to establish an underpayment of tax for 1971 or *909 1968 and awarded judgment to plaintiff. Hansen v. Commissioner, T.C. Memo. 1981-98 at 51.
What is clear, however, is the fact that the tax year 1970 was not before the court in Hansen. The Tax Court specifically stated: "[t]he record shows some errors in the partnership return of income of B&L for 1970, but that year is not involved in this case.” Hansen v. Commissioner, T.C. Memo. 1981-98 at 50.
Furthermore, the Tax Court did not reach the issue of fraud even for the 1971 tax year that was the subject of that action much less 1970 which is the period here under examination. It held the Commissioner could not prove underpayment, so fraud, if any, was immaterial.
We are therefore unable to say that plaintiffs are entitled to a judgment, as a matter of law, on any of the items contested viz. the travel expense deductions, the unexplained deposits, or the depreciation losses. There are triable issues of fact, however, open and shut plaintiffs may deem them to be.
Accordingly, plaintiffs’ motion for summary judgment is denied and the case is remanded to the trial division for further proceedings pursuant to Rule 131(c).
IT IS SO ORDERED.
Plaintiffs’ motion for rehearing was denied December 4, 1981.